UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80227-Cr-MIDDLEBROOKS/BRANNON

UNITED STATES OF AMERICA,

vs.

SAMUEL DAVID ALVARADO,

    Defendant.
_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference (DE 1192) from U.S. District Judge Donald M. Middlebrooks for a recommended disposition of defense counsel's pending CJA Voucher. The Court held an evidentiary hearing on July 18, 2016.

Upon consideration of the testimony at the hearing, which may be found in the sealed transcript, this Court recommends the following disposition.

## PROCEDURAL HISTORY

This 39 defendant criminal case began on December 8, 2014, with the filing of a criminal complaint against one defendant. (DE 1). Mr. Alvarado was brought in by a sealed superseding indictment on February 5, 2015. (DE 26). Mr. Alvarado was arrested in the Eastern District of Arkansas on October 21, 2015. (DE 1042). The Defendant plead guilty on March 18, 2016. (DE 1150). His plea agreement contemplated a mandatory minimum sentence of 20 years imprisonment. (DE 1152). The case's active role in the District Court ended with the sentencing of Mr. Alvarado, the lead defendant, on May 6, 2016. (DE 1168). All of the defendants plead guilty. Mr. Alvarado was sentenced to a total of 240 months in prison and 10 years of supervised release (DE 1168). Attorney Arthur Wallace represented the Defendant throughout.

On May 14, 2016, Mr. Wallace timely filed a notice of appeal on the Defendant's behalf (DE 1170). On May 15, 2016, Mr. Wallace submitted a Criminal Justice Act (CJA) voucher for payment in the amount of $39,761.74, which is in excess of the $10,000.00 cap.

## FINDINGS OF FACT

This case involved some 11,000 intercepted telephone calls of which some 7,000 were pertinent. Mr. Alvarado was involved in virtually all of those phone calls. He had direct dealings with 30 of the other 38 defendants. Discovery was found in some 22 compact disc's plus a 2 terrabyte hard drive containing video surveillance from a pole camera. Thus, discovery was voluminous and required substantial attorney time to both review records and to confer with the Defendant.

Mr. Alvarado was pretrial detained first at the Palm Beach County Jail on Gun Club Road in West Palm Beach and then later at the Federal Detention Center in downtown Miami. This move was made to expedite the review of discovery. Mr. Wallace's office is approximately an hour and half from the Palm Beach County Jail and two hours from the Federal Detention Center. Conferring and reviewing discovery with the Defendant thus required substantial travel time.

The plea agreement in this case called for a minimum 20 year sentence of imprisonment. At the time of the plea, every other defendant in the case had been sentenced, and the average sentence of imprisonment of those 37 defendants was 96.5 months, approximately 40% of the minimum sentence Mr. Alvarado was agreeing to in his plea agreement. Thus, a substantial amount of attorney time was a necessity to explain to both the Defendant and his very supportive family that this plea agreement was in fact a good result from the Defendant's viewpoint.

Mr. Wallace was quite candid in the sealed transcript about the factors involved in the representation in this case, including the difficulties caused by the fact that Mr. Alvarado, the lead defendant, was the last defendant to have his guilt and sentence resolved.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that Mr. Wallace's voucher be paid in full. Although other CJA counsel submitted vouchers for significantly smaller dollar amounts with more court time, Mr. Wallace justifiably had to spend significantly more time reviewing discovery, which was extensive and virtually all involved the Defendant, and in plea negotiations, which called for an agreement to a significantly heavier sentence than the vast majority of the other defendants received.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Judge Donald M. Middlebrooks within 14 days after being served a copy. 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained therein. U.S. v. Warren, 687 F.2d 347, 348 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983).

DONE and RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 18th day of July, 2016.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE

Copies to:
U.S. District Judge Donald M. Middlebrooks
Arthur Wallace, Esq.

3